JS-44 (Rev. 17/01)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
John B. Green

### DEFENDANTS
I.C. System, Inc.

**(b)** County of Residence of First Listed Plaintiff — Montgomery, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant — Ramsey, MN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Vicki Piontek, Esquire
951 Allentown Rd, Lansdale PA 19446 877-737-8617

Attorneys (If Known)
Ronald M. Metcho, Esq. Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, Philadelphia, PA 19103  215-575-2595

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities—Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities—Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692

Brief description of cause:
Fair Debt Collection Practices Act

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE ___  DOCKET NUMBER ___

DATE
October 18, 2011

SIGNATURE OF ATTORNEY OF RECORD

OCT 18 2011

### FOR OFFICE USE ONLY

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

**MMB** UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**11 6522**

Address of Plaintiff _John B. Green c/o Vicki Piontek, Esquire - 951 Allentown Road, Lansdale, PA 19446_

Address of Defendant _I.C. System, Inc. c/o Ronald M. Metcho, Esquire - 1845 Walnut Street, 17th Fl., Philadelphia, PA 19103_

Place of Accident, Incident or Transaction _____
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases |
|---|---|---|---|
| 1. ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ | Insurance Contract and Other Contracts |
| 2. ☐ | FELA | 2. ☐ | Airplane Personal Injury |
| 3. ☐ | Jones Act-Personal Injury | 3. ☐ | Assault, Defamation |
| 4. ☐ | Antitrust | 4. ☐ | Marine Personal Injury |
| 5. ☐ | Patent | 5. ☐ | Motor Vehicle Personal Injury |
| 6. ☐ | Labor-Management Relations | 6. ☐ | Other Personal Injury (Please specify) |
| 7. ☐ | Civil Rights | 7. ☐ | Products Liability |
| 8. ☐ | Habeas Corpus | 8. ☐ | Products Liability – Asbestos |
| 9. ☐ | Securities Act(s) Cases | 9. ☐ | All other Diversity Cases |
| 10. ☐ | Social Security Review Cases | | (Please specify) |
| 11. ☒ | All other Federal Question Cases | | |
| | (Please specify)   FDCPA | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Ronald M. Metcho, Esquire_____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE _October 18, 2011_____   _Ronald M. Metcho_____   _202807_____
                                        Attorney-at-Law                Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _October 18, 2011_____   _Ronald M. Metcho_____   _202807_____
                                        Attorney-at-Law                Attorney I.D. #

OCT 18 2011

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **JOHN B. GREEN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **11   6522** |
| **I.C. SYSTEM, INC.** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                      ( )

(c)    Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                              ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                 ( )

(f)    Standard Management--Cases that do not fall into any one of the other tracks.      (X)

October 18, 2011 _____        _____/s/ R. Metcho/_____        Defendant, I.C. System, Inc.
Date                                    Attorney-at-law                 Attorney for
                                        Ronald Metcho, Esquire.

_(215) 575-2595_                        _(215) 575-0856_                 rmmetcho@mdwcg.com
Telephone                               FAX Number                      E-Mail Address

(Civ. 660)  10/02

551629

OCT 18 2011

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

| | |
|---|---|
| **JOHN B. GREEN** | **Civil Action No.** |
| Plaintiff, | OCT 1 8 2011 |
| **vs.** | MICHAEL E. KUNZ, Clerk |
| | By_____ Dep. Clerk |
| **I.C. SYSTEM, INC.** | **11   6522** |
| Defendant. | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, I.C. System, Inc. ("ICS"), by and through its Counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby removes the action entitled <u>John B. Green v. I.C. System, Inc.</u>, docket no. 2011-18917-0002, as filed in the Court of Common Pleas of Montgomery County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1. On or about September 16, 2011, Plaintiff filed the Action in the Court of Common Pleas of Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2. ICS first received notice of the Action on or around September 23, 2011, when it was served with Plaintiff's Complaint via certified mail.

1

3.     Based on the foregoing, ICS has timely filed this Notice of Removal within thirty days of the filing of the Complaint, within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable.  See 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by ICS pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged, *inter alia,* that ICS violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting a claim that arises under federal law.

5.     In that the causes of action alleged by the Plaintiff arises from the performance of obligations of the parties within Montgomery County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), ICS will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Montgomery County Court of Common Pleas.

**WHEREFORE**, I.C. System, Inc., notifies this Court that this cause is removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District

of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _____

RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
I.C. System, Inc.

Dated: October 18, 2011

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN B. GREEN | |
| Plaintiff, | Civil Action No. |
| vs. | |
| I.C. SYSTEM, INC. | |
| Defendant. | |

**FILED**

OCT **1 8** 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, I.C. System, Inc.'s, **Notice of Removal** was served upon the below-listed counsel of record by regular mail on October 18, 2011.

> Vicki Piontek, Esquire
> 951 Allentown Road
> Lansdale, PA 19446
> Attorney for Plaintiff
> John B. Green

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _____
RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
I.C. System, Inc.

Dated: <u>October 18, 2011</u>

# EXHIBIT "A"

*Recv'd 9/23/11*
*Cec*

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

**RECEIVED**

**SEP 2 3 2011**

John B. Green
338 West Walnut Street
North Whales, PA  19454

        Plaintiff       :

Vs.

I.C. System, Inc.
444 Highway 96 East
P.O. Box 64378
Saint. Paul, MN 55164

        Defendant   :

2011-18917

Jury Trial Demanded

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

SEE NEXT PAGE >>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

John B. Green                        :
338 West Walnut Street               :
North Whales, PA  19454              :
          Plaintiff       :          2011-18917
Vs.                                  :
I.C. System, Inc.                    :
444 Highway 96 East                  :          Jury Trial Demanded
P.O. Box 64378                       :
Saint. Paul, MN 55164                :
          Defendant       :

## <u>COMPLAINT</u>

### INTRODUCTION

1. This is a lawsuit for brought by an individual consumer for Defendant(s)' alleged

   violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter

   "FDCPA").





2011-18917-0002
9:16:2011 11:47:16 AM
Complaint In
Receipt # Z1320361      Fee      $0.00
Mark Levy - Montgomery County Prothonotary

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania in general and within this jurisdiction.

4. Venue is proper in this jurisdiction because a substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

5. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

6. Plaintiff is John B. Green, an adult individual with a current address of 338 West Walnut Street, North Whales, PA 19454.

7. Defendant(s) are the following individuals and business entities.

    a.    I.C. System, Inc., a business entity with a principal place of business located at 444 Highway 96 East, P.O. Box 64378, Saint. Paul, MN 55164.

    b.    John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.    X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act**
**15 USC 1692 et. seq.**

8.  All previous paragraphs of this complaint are incorporated by reference and made a part
    of this portion of the complaint.

9.  Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act
    (FDCPA), 15 USC 1692 et. Seq.

10. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt
    collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

11. At all times mentioned herein, Defendant(s) was / were attempting to collect on an
    alleged consumer debt against Plaintiff.

12. Within the applicable statute of limitations, prior to the commencement of this action, in the Year of Our Lord, 2011, Defendant contacted Plaintiff by telephone and left one or more voicemail messages which read substantially as follows.

> *"Hi. This call is for Mr. John Green. This is [inaudible] calling with IC Systems in regards to an important business matter. I can be reached at 1-800-711-0449. My direct extension is 6439. You will need reference number 94109362. Thank you."*

> *"Hi. This call is for Mr. John Green. This is [inaudible] calling with IC Systems. I do need a return call in regards to an important business matter. My number is 1-800-711-0449. My direct extension is 6439. You will need reference number 94109362. Thank you.*

13. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading communications, and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

14. The above referenced voicemail message(s) was / were a communication as defined by 15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

15. Every telephone message left by a debt collector must give meaningful disclosure of the debt collector's identity, as well as state that the purpose of the call is to collect a debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.  See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

16. The above referenced message(s) violated the FDCPA for reasons including but not limited to the following.

    a.    The telephone call was placed without disclosure that the call was from a debt collector.

    b.    The telephone call was placed without meaningful of the nature or purpose of the call.

**LIABILITY**

17. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

18. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

19. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

20. Any mistake made by Defendant would have included a mistake of law.

21. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

22. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

23. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

24. Plaintiff is an affected party of Defendant's illegal collection activity, and therefore requests $1,000.00 statutory damages for each additional Plaintiff under the FDCPA 15 USC 1692k.

25. Plaintiff suffered frustration, confusion and emotional distress as a result of Defendant's illegal collection activity.

26. Plaintiff believes and avers that such frustration, confusion and emotional distress has a Dollar value to be proven at trial.

## ATTORNEY FEES

27. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

28. Attorney fees of $1,925.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client. | 1 |
| b. | Drafting of writ and related documents | .25 |
| c. | Research on Defendant | 1 |
| d. | Drafting, editing, review and filing of complaint | 1 |
| e. | Service of process and filing of service | .25 |
| f. | Follow up with Defense | 2 |

5.5 x $350 = $1,925

29. Plaintiff's attorney fees continue to accrue as the case move forward.

30. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

John B. Green                                        :
338 West Walnut Street                               :
North Whales, PA  19454                              :
                        Plaintiff       :        2011-18917
Vs.                                     :
I.C. System, Inc.                                        Jury Trial Demanded
444 Highway 96 East                             :
P.O. Box 64378                                  :
Saint. Paul, MN 55164                           :
                        Defendant       :

## VERIFICATION

I, John B. Green, have read the attached complaint. The statements contained therein are true and accurate to the best of my knowledge, understanding and belief.


_____        9/6/11
John B. Green                    Date



I.C. Systems
444 Highway 96 East
P.O. Box 64378
Saint Paul, MN 55164

Piotrek Law Office
931 Allentown Road
Lansdale, PA 19446

7011 0470 0001 4698 9254

